**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                                         Case No: 8:12-cv-2772-T-35EAJ

AMERICAN TOOL & MOLD, INC.,

    Defendant.

---

**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION**

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Stipulation for Final Judgment. (Dkt. 130) Previously, the Court entered an Order granting summary judgment in favor of Plaintiff the Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenor Michael Matanic ("Matanic") finding that Defendant, American Tool & Mold, Inc. ("ATM"), violated the Americans with Disabilities Act ("ADA") when it required Matanic to obtain a release from a surgeon who performed surgery on his back several years prior. (Dkt. 125) That Order left open the issue of damages and any other equitable relief. (Id. at 31) Subsequently, the Parties gave notice that a settlement had been reached. (Dkt. 128) The Parties now stipulate that judgment should be entered in favor of Plaintiffs, and that damages should be awarded to Plaintiffs in the amount of $150,000. The Parties move the Court for entry of their stipulated final judgment. Based on the Parties' stipulation, it is **HEREBY:**

**ORDERED AND ADJUDGED** that Judgment is entered in favor of the Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and Plaintiff-Intervenor MICHAEL MATANIC, and against Defendant AMERICAN TOOL & MOLD, INC.

("ATM"), for which let execution issue, as follows:

**A. MONETARY RELIEF.** ATM shall pay Michael Matanic a total of $150,000 representing the income that Charging Party would have earned if he had not been terminated, as well as compensation for all damages, compensatory, punitive or otherwise, costs and attorneys' fees. The monetary damages shall be paid to Charging Party as follows:

1. ATM shall pay Twenty-Five Thousand dollars ($25,000) representing back pay, for which an IRS Form W-2 shall be issued. A check in this amount shall be made payable to Michael Matanic and shall be delivered via certified mail, return receipt requested or hand delivery to Thompson Legal Center, 5010 W. Carmen Street, Suite 2030, Tampa, Florida 33609 no later than seven (7) calendar days after entry of Final Judgment.

2. ATM shall pay One Hundred Twenty-Five Thousand dollars ($125,000) representing compensatory and punitive damages and attorneys' fees, for which an IRS Form 1099 shall be issued. Checks totaling this amount shall be made payable to the Trust Account of the Thompson Legal Center and shall be delivered via certified mail, return receipt requested or hand delivery to Thompson Legal Center, 5010 W. Carmen Street, Suite 2030, Tampa, Florida 33609 on the following schedule:

    a) A check in the amount of $25,000 shall be made payable to the Trust Account of the Thompson Legal Center and shall be delivered via certified mail, return receipt requested or hand delivery to Thompson Legal Center, 5010 W. Carmen Street, Suite 2030, Tampa, Florida 33609 no later than seven (7) calendar days after entry of Final Judgment;

    b) A check in the amount of $50,000 shall be made payable to the Trust

      Account of the Thompson Legal Center and shall be delivered via certified mail, return receipt requested or hand delivery to Thompson Legal Center, 5010 W. Carmen Street, Suite 2030, Tampa, Florida 33609 no later than thirty (30) days after the payment referenced in 2(a) is due.

   c) A check in the amount of $50,000 shall be made payable to the Trust Account of the Thompson Legal Center and shall be delivered via certified mail, return receipt requested or hand delivery to Thompson Legal Center, 5010 W. Carmen Street, Suite 2030, Tampa, Florida 33609 no later than sixty (60) days after the payment referenced in 2(a) is due.

3. Copies of the payments and related documents (including copies of IRS Form W-2 and IRS Form 1099) shall be sent contemporaneously with checks, forms and/or other communications to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: ATM Judgment," at United States Equal Employment Opportunity Commission, Miami District Office, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.

4. The aforementioned amounts shall bear interest at the rate prescribed by 28 U.S.C. § 1961, and shall be enforceable as prescribed by Rule 69(a) of the Federal Rules of Civil Procedure, for which let execution issue.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED:**

**B. INJUNCTIVE RELIEF.**

1. **Permanent Injunction.** ATM shall not withdraw an offer of employment based on a job applicant's or conditionally-hired employee's failure to provide ATM with a medical release from a provider who treated such individual for a previous injury or disability unless such withdrawal is job-related and consistent with business necessity and performance of the essential functions

of the applicable job cannot be accomplished with reasonable accommodation.[1]

2. **Equal Employment Opportunity Recruiting.** ATM shall indicate that ATM is an equal opportunity employer that employs persons regardless of race, religion, color, national origin, sex, disability, age (40 and over), veteran status, and other protected status as required by applicable law in all advertisements and/or postings for all job vacancies.

3. **Adoption and Distribution of Policy Regarding Disability Discrimination.** ATM shall create and implement a disability discrimination policy (the "Policy"). The Policy must clearly define prohibited conduct and specifically prohibit disability discrimination against all employees and applicants for employment. Specifically, the Policy: (a) Shall provide that ATM shall not withdraw an offer of employment based on a job applicant's or conditionally-hired employee's failure to provide ATM with a medical release from a provider who treated such individual for a previous injury or disability unless such withdrawal is consistent with the requirements of the ADA/ADAAA and its implementing regulations; (b) Shall provide that any employment-related medical screening or physical examination will be used solely to assess the applicant or employee's ability to perform the essential functions of his or her position; and (c) Shall require that any employment-related medical screening or physical examination will be used to conduct an individualized assessment of an applicant's or employee's fitness for duty based solely on criteria that are job-related for the position in question and consistent with business necessity.

---

[1] This provision is modified because the parties proposed a provision that appeared to be a generic "obey the law" injunction which is prohibited by prevailing law. In its stead, the Court includes a provision that more precisely tracks the conduct alleged in this case.

4. **Policy Provisions Particular to Post-Offer Medical Examinations.** To the extent that ATM continues to require post-offer medical examinations, the Policy shall include the following:

   a) **Medical Examination is Paid For By ATM.** All medical examinations will be performed by medical practitioners as designated by ATM, and will be paid for by ATM.

   b) **Confidentiality.** Only job specific information, based on an on-site job analysis (*see* Paragraph 5, below), will be given to ATM by the health care practitioner(s) conducting the medical examination.

   c) **Documentation to Health Care Practitioner.** A copy of the offer letter and job description will be sent to the health care practitioner(s) conducting the examination, notifying them that ATM has extended a conditional offer and the need for this applicant to have a pre-employment medical examination. If ATM utilizes the services of a third party contractor or agent ("Medical Center") to conduct medical screenings or physical examinations of ATM's job applicants and/or employees, the following provisions shall apply: (1) ATM shall ensure that the Policy and Notice attached hereto as Exhibit A are both attached to, and made a part of, its contract or agreement with each such Medical Center ("Medical Center Agreement"), for the full duration of each such agreement. Further, each Medical Center Agreement shall provide that any and all Medical Center employees, contractors, agents or representatives who examine or screen ATM employee or job applicants shall be provided a copy of the Policy and Exhibit A; (2) Each Medical Center Agreement shall expressly require the Medical Center to conduct any and all medical screenings in a manner

that is consistent with the ADA/ADAAA and Policy including, without limitation, prohibiting such Medical Center from withholding or deferring medical clearance solely because the ATM applicant or employee does not provide medical clearance from a provider who treated such individual for a previous medical condition or disability; (3) Each Medical Center agreement shall provide that the Medical Center's failure to comply with the ADA/ADAAA or the Policy shall be considered a breach of such agreement.

d) **Use of the Examination Results.** ATM shall use the results of the medical examination, consistent with the ADA, as amended, to: (1) Ensure that applicants who have received employment offers can perform, with or without accommodation, the essential functions of the job in question; (2) Determine whether there are any accommodations which would permit the employee to perform the essential functions of the job.

e) **Satisfactory Examination Results.** The results will be considered satisfactory if it is determined that the applicant can perform the essential functions of the position, with or without accommodation. All applicants that receive a satisfactory result on the post offer, pre-employment medical examination are to be placed in the job.

f) **Unsatisfactory Examination Results.** Disqualification from the job offer will be job related and consistent with business necessity.

g) **Commitment to Compliance with the ADA.** ATM is committed to compliance with the Americans with Disabilities Act, as amended, and similar state laws and will engage in the interactive process with an employee or applicant who requests accommodation, whether communicated to ATM through the post-offer medical examination process

or otherwise.

h) **Policy Made Available.** ATM shall distribute copies of the Policy to each of ATM's employees and managers. Additionally, a copy of the Policy shall be distributed to each job applicant to whom ATM offers employment conditioned on the results of a medical examination and to all new employees. A copy of the Policy shall also be included in any relevant policy or employee manuals or handbooks maintained by ATM. The Policy must be kept and maintained in a conspicuous and accessible place for all employees of ATM and printed in a font that is easily legible (at least 11 point font).

5. **Functional Job Analysis.** Within one hundred twenty calendar (120) days of the entry of this Judgment, ATM shall conduct a functional job analysis for each position subject to a post-offer medical examination showing how much lifting, bending, twisting, and other physical requirements are involved in the affected positions. The job analysis will be provided to the health care practitioner(s) conducting the medical examination.

6. **Position Descriptions.** Within one hundred fifty calendar (150) days of the entry of this Judgment, ATM shall create and/or revise written job descriptions for each position subject to the post-offer medical examination. Each position description in the affected job classifications shall designate the physical requirements of the job as determined by the functional job analysis.

7. **Management Training.** ATM shall provide its CEO, president, general managers, human resources personnel, and supervisors with eight (8) hours of live training annually, for each of the next four years (the "Management Training"). The first Management Training shall take place within ninety (90)

calendar days of the entry of the entry of this Judgment. The remainder of the Management Training sessions shall take place annually and no later than May 1 of each year. The Management Training shall include the following: (1) an explanation of the prohibition against disability discrimination, including the ADA/ADAAA's requirements regarding medical examinations and screenings; and (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under the ADA/ADAAA and ATM's Policy. The Management Training shall be conducted by an independent organization. ATM shall provide EEOC with at least three (3) weeks' notice before conducting training sessions pursuant to this Judgment. In the written notice, ATM shall notify EEOC of the dates on which training is scheduled, the name and job title of the person(s)/organization who will conduct the training, a resume of the person conducting the training, and the name and job title of each person who will attend the training. EEOC may, at the EEOC's discretion, attend any training session.

8. **Posted Notice.** Within ten (10) calendar days from the Court's entry of this Judgment, ATM shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as <u>Exhibit B</u> to this Judgment at all of ATM's facilities in a conspicuous location or locations, easily accessible to and commonly frequented by ATM's employees (*i.e.* employee bulletin board or lunch room). The Notice shall remain posted for four (4) years from the date of entry of this Judgment. ATM shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.

9. **Reporting.** ATM shall furnish to EEOC written reports twice annually for a period of four (4) years following entry of this Judgment. The first report shall

be due six (6) months after entry of this Judgment and thereafter by June 30, and December 30 annually. Each such report shall contain: (a) A list containing the name, address, and phone number of each individual who was either not hired by ATM or who was terminated by ATM because it was determined that such individual did not successfully complete a medical screening or physical examination, including the reason(s) for such determination; (b) With respect to each complaint of disability discrimination during the reporting period, ATM shall provide: (1) A list containing the name, address, and phone number of each individual who filed a complaint of discrimination based on disability, including perceived disability; (2) A description of what action, if any, ATM took in response to the complaint of disability discrimination; (3) The names of any witnesses to each complaint; and (4) The resolution of each complaint occurring within the six (6) month period preceding the report. To the extent that ATM denies a request for an accommodation, ATM shall provide all reasons why the request was denied. In the event there are no individuals who were either not hired by ATM or who were terminated because they did not successfully complete a medical screening or physical examination, and/or no complaints of discrimination or requests for accommodation to report pursuant to this paragraph, ATM shall send the EEOC a "negative" report indicating no activity.

**C. OTHER RELIEF.**

1. **Fees and Costs.** Each party shall bear its own costs and attorneys' fees associated with this litigation.

2. **Jurisdiction.** This Court shall retain jurisdiction to enforce the terms of this Judgment for a period of four (4) years. The term of the Stipulated Judgment

and Decree can be extended upon a showing that Defendant has substantially failed to comply with a material term thereof after having been given notice of any such failure to comply, and a reasonable opportunity to correct any such non-compliance.

**D.**

The Clerk is **DIRECTED** to enter judgment in accordance with the Parties' stipulation, terminate any pending motions, and **CLOSE** this Case.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of May, 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

## **EXHIBIT A: NOTICE TO MEDICAL CENTER**

      This Notice is being provided to_____("Medical Center") pursuant to a Final Judgment entered by the U.S. District Court in *EEOC v. American Tool & Mold, Inc.*, Case No. 8:12-CV-02772-MSS-EAJ (M.D.Fla). In this case, the EEOC alleged that ATM discriminated against an employee by withdrawing a conditional offer of employment because it regarded the employee/applicant as disabled due to a failure to provide a release from a medical provider who treated the employee/applicant for a prior medical condition.

      The Americans with Disabilities Act ("ADA"), as amended ("ADAAA"), protects individuals from employment discrimination because of their disability, including any perceived disability, and also requires any employment-related medical examinations or screenings to be job-related and consistent with business necessity. ATM will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, disability discrimination. It is the policy of ATM to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability. There will be no discrimination, by ATM or any individual or entity acting on ATM's behalf, in violation of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA), as amended, the Equal Pay Act (EPA) of 1963, as amended, the Americans with Disabilities Act (ADA), as amended, and the Genetic Non-Discrimination Information Act (GINA).

      A copy of this Notice must be provided to each Medical Center employee or representative who conducts medical examinations or screenings of ATM employees or applicants during the four (4) year period beginning on the date Judgment was entered (see date added below). Any questions about this Notice may be directed to: ATM Judgment, c/o Regional Attorney Robert E. Weisberg, EEOC Legal Unit, Miami District Office, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.

Date: _____

**THIS NOTICE IS ATTACHED TO, AND INCORPORATED IN, ATM'S AGREEMENT WITH_____(Medical Center)**

## EXHIBIT B: NOTICE TO ALL EMPLOYEES

  This Notice is being posted pursuant to a Final Judgment entered by the U.S. District Court in *EEOC v. American Tool & Mold, Inc.*, Case No. 8:12-CV-02772-MSS-EAJ (M.D.Fla). In this case, the EEOC alleged that ATM discriminated against an employee by withdrawing a conditional offer of employment because it regarded the employee/applicant as disabled due to a failure to provide a release from a medical provider who treated the employee/applicant for a prior medical condition.

  The Americans with Disabilities Act ("ADA"), as amended ("ADAAA"), protects individuals from employment discrimination because of their disability, including any perceived disability, and also requires any employment-related medical examinations or screenings to be job-related and consistent with business necessity. ATM will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, disability discrimination. It is the policy of ATM to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability. There will be no discrimination, by ATM or any individual or entity acting on ATM's behalf, in violation of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA), as amended, the Equal Pay Act (EPA) of 1963, as amended, the Americans with Disabilities Act (ADA), as amended, and the Genetic Non- Discrimination Information Act (GINA).

  ATM assures its employees and applicants for employment that it supports the ADA/ADAAA and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated ATM's policy prohibiting discrimination.

  EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and has employees who speak languages other than English.

  This Notice must remain posted for four (4) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: ATM Judgment, c/o Regional Attorney Robert E. Weisberg, EEOC Legal Unit EEOC Legal Unit, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

                Date:_____

**DO NOT REMOVE, ALTER, DEFACE OR COVER BEFORE_____, 2018.**